IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

**CHECED CREEK, INC.,**

    **Plaintiff,**

    v.                                          **CIVIL ACTION NO. 4:06cv110**

**SECRETARY, U.S. DEPARTMENT OF**
**HOUSING AND URBAN DEVELOPMENT,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

This matter is before the Court on the Secretary of the United States Department of Housing and Urban Development's ("Defendant") motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), and (6) and Checed Creek, Inc.'s ("Plaintiff") motion to amend the complaint. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendant's motion to dismiss is **DENIED**. Plaintiff's motion to amend is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a Virginia non-stock charitable corporation which owns land in Newport News, Virginia. In April 2003, Plaintiff entered an agreement with the United States Department of Housing and Urban Development ("HUD") for the development of low-income housing for

the elderly in Newport News, Virginia. HUD agreed to make a capital advance for the project in exchange for Plaintiff's assistance. The advance was secured by a deed of trust against Plaintiff's property executed in favor of HUD on May 15, 2003.

Plaintiff experienced several delays on the project. In June 2006, Plaintiff reached a preliminary understanding with the Bay Area Agency on Aging ("Bay Aging") whereby Bay Aging would essentially assume control of the project. However, HUD declared a default and instituted foreclosure proceedings against Plaintiff, with a foreclosure sale to be conducted on July 11, 2006. HUD eventually postponed the foreclosure sale to August 3, 2006.

On August 2, 2006, Plaintiff filed a complaint against Defendant in the Circuit Court for the City of Newport News, alleging that Plaintiff has cured the default at issue and seeking an injunction against the foreclosure of the property. On August 3, 2006, the Newport News Circuit Court held a hearing and enjoined the foreclosure for 180 days. On August 31, 2006, Defendant removed the case to this Court.

On September 12, 2006, the Court granted Defendant's motion for extension of time to file an answer, and on December 6, 2006, Defendant filed the instant motion to dismiss. The Court subsequently granted five extensions of time for Plaintiff to file a response. On March 20, 2007, Plaintiff filed its response to Defendant's motion to dismiss as well as a motion to amend the complaint. On March 26, 2007, Defendant filed a reply in support of its motion to dismiss and a response to Plaintiff's motion to amend.

## II. LEGAL STANDARD

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the Court lacks subject matter jurisdiction. "Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004). The Court assumes that all factual allegations in the complaint are true if it is contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). However, if the factual basis for jurisdiction is challenged, the plaintiff has the burden of proving subject matter jurisdiction. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To determine whether subject matter jurisdiction exists, the reviewing court may consider evidence outside the pleadings, such as affidavits or depositions, *Adams*, 697 F.2d at 1219, or whatever other evidence has been submitted on the issues. *GTE South Inc. v. Morrison*, 957 F. Supp. 800, 803 (E.D. Va. 1997). The court must weigh the evidence before it to establish its jurisdiction. *Thigpen v. United States*, 800 F.2d 393, 396 (4th Cir. 1986) ("[A] court asked to dismiss for lack of jurisdiction may resolve factual disputes to determine the proper disposition of the motion."). "A final determination of lack of subject-matter jurisdiction of a case in a federal court . . . precludes further adjudication of it." *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992).

### B. Motion to Amend

Federal Rule of Civil Procedure 15(a) provides that where responsive pleadings have been filed, a party may amend his pleading only by leave of court or by written consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15(a) further provides that "leave shall be freely given

when justice so requires." *Id.* Discretion to deny leave to amend is limited to such instances as undue delay, dilatory motive on the part of the moving party, futility of amendment, and undue prejudice to the nonmoving party. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Connelly v. General Med. Corp.*, 880 F. Supp. 1100, 1109 (E.D. Va. 1995). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. In the absence of prejudice, the granting of leave to amend is normally warranted. *Id.*

### III. DISCUSSION

**A. Motion to Dismiss**

Defendant argues that this case should be dismissed because it is plain from the face of Plaintiff's complaint that sovereign immunity bars Plaintiff's suit. "As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005). Waivers of sovereign immunity are strictly construed in favor of the sovereign. *Lane v. Penta*, 518 U.S. 187, 192 (1996). The Plaintiff has the burden "to show that an unequivocal waiver of sovereign immunity exists . . . ." *Welch*, 409 F.3d at 651. "If the plaintiff fails to meet this burden, then the claim must be dismissed." *Id.*

The United States Court of Appeals for the Fourth Circuit (the "Fourth Circuit") has stated that, "It is well established that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject

4

to governmental privilege of immunity." *Boron Oil Co. v. Downie*, 873 F.2d 67, 69 (4th Cir. 1989). Plaintiff's complaint is against the Secretary of HUD. Plaintiff seeks an injunction preventing the Secretary from foreclosing on Plaintiff's property. Therefore, in order to avoid dismissal Plaintiff must show that a waiver of sovereign immunity exists in this case.

There has been no waiver of sovereign immunity for Defendant in the instant case, at least as far as Plaintiff's original complaint reads. Defendant's action to provide the capital advance for low-income housing for the elderly is authorized by Section 202 of the Housing Act of 1959, 12 U.S.C. § 1701q (2000). Defendant's action to foreclose is authorized by the Federal Multifamily Mortgage Foreclosure Act, 12 U.S.C. §§ 3701-17 (2000). Neither of these provisions contain a waiver of sovereign immunity. Plaintiff's complaint alleges that the state court had jurisdiction under 12 U.S.C. § 1702 (2000). This section states, in pertinent part, "The Secretary shall, in carrying out the provisions of this subchapter and subchapters II, III, V, VI, VII, VIII, IX-B, and X of this chapter, be authorized, in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." 12 U.S.C. § 1702. However, the subchapters referenced in this provision do not include either 12 U.S.C. § 1701q or 12 U.S.C. §§ 3701-17. *See United Am., Inc. v. N.B.C.-U.S.A. Housing, Inc. Twenty-Seven*, 400 F. Supp. 2d 59, 61-64 (D.D.C. 2005) (analyzing the text and history of §§ 1702 and 1701q and holding that § 1702 does not waive sovereign immunity under § 1701q ). As discussed above, sovereign immunity waivers are strictly construed in favor of the sovereign. *Lane*, 518 U.S. at 192. The text of § 1702 clearly provides no support for Plaintiff, and Plaintiff has not provided any other basis for a possible waiver with regard to Plaintiff's original complaint. On this basis, Plaintiff cannot prevail on his original complaint as stated.

Defendant maintains that the consequence of the lack of a waiver of sovereign immunity in the instant case is that Plaintiff's complaint must be dismissed. However, the fact that sovereign immunity bars Plaintiff's complaint as originally stated does not mean that this Court lacks subject matter jurisdiction so that the complaint must be dismissed. "Waiver of sovereign immunity is a jurisdictional prerequisite in the nature of, *but not the same as*, subject matter jurisdiction . . . ." *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 385 n.4 (4th Cir. 1990) (emphasis added). This case was removed from state court pursuant to, among other provisions, 28 U.S.C. § 1441 (2000). This section authorizes removal for "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States . . . ." 28 U.S.C. § 1441(b). Where, as here, there are no allegations of diversity jurisdiction, "the propriety of removal depends on whether the case falls within the provisions of 28 U.S.C § 1331 . . . ." *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

It has repeatedly been held that, "[S]ection 1331 confers . . . jurisdiction on district courts to review agency action subject only to preclusion-of-review statutes." *Hostetter v. United States*, 739 F.2d 983, 985 (4th Cir. 1984); *see also Califano v. Sanders*, 430 U.S. 99, 105 (1977) (stating that "subject only to preclusion-of-review statutes created or retained by Congress . . . [§ 1331] confer[s] jurisdiction on federal courts to review agency action . . . ."). Plaintiff is seeking the Court's review of an agency decision to foreclose on Plaintiff's property pursuant to Section 202 of the Housing Act of 1959 and the Federal Multifamily Mortgage Foreclosure Act. Neither of these statutes contain a preclusion-of-review provision, and neither contains its own judicial

review structure. Therefore, § 1331 confers subject matter jurisdiction for this Court's review of Defendant's actions.

Defendant argues that this Court lacks subject matter jurisdiction because the state court where this case originated lacked subject matter jurisdiction. If this case was removed pursuant only to 28 U.S.C. § 1442 (2000), Defendant would be correct. *See Boron Oil Co. v. Downie*, 873 F.2d 67, 70 (4th Cir. 1989) ("The jurisdiction of a federal district court upon removal, pursuant to 28 U.S.C. § 1442, is essentially derivative of that of the state court, and the federal court acquires none upon removal."). However, as discussed above, this case was removed pursuant to § 1441, which invokes federal question jurisdiction under § 1331. Moreover, Congress specifically abolished the concept of "derivative jurisdiction" for cases removed under § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). The fact that the state court may have lacked jurisdiction does not preclude this Court from considering Plaintiff's claim.

Plaintiff seeks the judicial review of federal agency action. The Administrative Procedure Act, 5 U.S.C. § 701 et. seq. (2000) ("APA") provides for such review. *See* 5 U.S.C. § 702 ("A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."); *see also Hostetter*, 739 F.2d at 985 ("In situations such as that here, in which there is no preclusion-of-review statute and no special statutory review procedure provided, the APA states the policy that a person suffering legal wrong because of agency action should have

judicial review thereof . . . ."). In addition, "In section 702 Congress has waived the defense of sovereign immunity in such nonstatutory review cases in which nonmonetary relief is sought, and we have so held." *Hostetter*, 739 F.2d at 985. As this is a nonstatutory review case and Plaintiff is seeking injunctive relief, sovereign immunity provides no defense under the APA. Finally, although "[t]he APA does not itself afford a grant of subject matter jurisdiction permitting judicial review of agency action, . . . section 1331 confers such jurisdiction on district courts to review agency action subject only to preclusion-of-review statutes." *Id.* (citing *Califano*, 430 U.S. at 105, 107). Since the Court has subject matter jurisdiction, the motion to dismiss is denied.

**B. Motion to Amend**

The APA is the proper vehicle for Plaintiff's claim; and indeed, Plaintiff has moved the Court to allow it to amend the complaint to state a claim under the APA. As discussed above, the Court has subject matter jurisdiction to allow Plaintiff to amend the complaint. As a practical matter, an action under the APA in this Court appears to be the only way Plaintiff can challenge this particular agency action, because Plaintiff's original complaint faces a sovereign immunity defense and the APA authorizes judicial review without sovereign immunity only in federal court. *See* 5 U.S.C. § 702 ("An action *in a court of the United States* . . . stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed . . . on the ground that it is against the United States . . . .") (emphasis added). In addition, the Fourth Circuit has stated, "Courts will decline to review agency actions only upon a showing that Congress clearly intended to restrict access to judicial review." *Hanauer v. Reich*, 82 F.3d 1304, 1307 (4th Cir. 1996). Plaintiff's complaint

8

will not be dismissed only to require Plaintiff to file a new action in this Court explicitly under the APA. *See De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) ("[T]he failure specifically to identify the provision permitting recovery is not fatal."). There has been no showing that Defendant will be prejudiced by Plaintiff's amendment. This is reinforced by the fact that Plaintiff's amendment merely seeks to recast its original claim into the appropriate legal vehicle for review, the APA. Plaintiff will be allowed to amend its complaint.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The Court **GRANTS** Plaintiff's motion to amend the complaint.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 27, 2007